**FILED**
**Jan 29, 2021**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| **TRACY WRIGHT,** | ) | **Docket No. 2019-04-0270** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 66044-2020** |
| **JOSHUA COOPER, d/b/a** | ) | |
| **J&K IMPROVEMENTS,** | ) | **Judge Robert Durham** |
| **Uninsured Employer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on January 19, 2021, to determine whether Mr. Cooper is obligated to provide Mr. Wright medical and temporary disability benefits for a work-related left-foot fracture. The determinative issue was whether Mr. Wright was Mr. Cooper's employee or an independent contractor. The Court holds Mr. Wright submitted sufficient evidence to establish he is likely to prove he was Mr. Cooper's employee and not an independent contractor when he fell from a roof on August 28, 2020. The Court further holds he is likely to prove entitlement to payment of reasonable and necessary medical expenses causally related to his fracture. However, he did not provide enough evidence for the Court to determine the proper compensation rate, and he cannot recover temporary disability benefits at this time.

### History of Claim

Mr. Wright, a Tennessee resident, began working as a roofer with Mr. Cooper on May 18, 2020. He testified that he was Mr. Cooper's employee rather than an independent contractor, and Mr. Cooper provided no contrary evidence. Mr. Cooper paid Mr. Wright $16.00 per hour and gave him a check at the end of each roofing job. However, Mr. Wright did not testify as to the amounts he received, or the hours he worked on each job.

On August 28, Mr. Wright slipped and fell from a roof and landed feet-first on concrete. Two days later, he went to the emergency room at Cumberland Medical Center, where providers diagnosed a left calcaneal fracture. He received treatment from Dr. Jon Simpson, who used a plate and screws to surgically repair the fracture. The

1

parties stipulated that the fracture was due to the August 28 accident, and the medical expenses Mr. Wright incurred for treatment of this injury were reasonable and necessary. Mr. Wright provided bills from Cumberland Medical Center, Covenant Medical Group, Walgreens, MedStream Anesthesia, Radiology Imaging Associates, and Dr. Kristan Ahler, which he represented were incurred for treatment of his injury.

Dr. Simpson's October 2 report attributed Mr. Wright's left calcaneal fracture to his August 28 fall and stated that the surgery was also causally related. He further stated that Mr. Wright remained totally disabled from working at least through October 8, which was Mr. Wright's next appointment.[1] Mr. Wright filed a Petition for Benefit Determination on October 7.

On October 20, a Bureau Compliance Specialist investigated Mr. Wright's employment status because Mr. Cooper admitted he did not have workers' compensation insurance.[2] Mr. Cooper asserted that he did not have any employees and he did all the work for JK Improvements himself.

The specialist noted that Mr. Wright told him Mr. Cooper hired him as "lead carpenter." This description was corroborated by a co-worker. Mr. Wright also told the specialist that Mr. Cooper controlled the conduct of the work; retained the right to hire and fire workers; scheduled the working hours; and furnished tools and equipment. However, Mr. Wright was able to offer his services to others when not employed by Mr. Cooper.

Finally, Mr. Wright testified that he has not worked since he fell. Mr. Cooper did not present any testimony at the hearing.

### Findings of Fact and Conclusions of Law

Mr. Wright bears the burden of presenting sufficient evidence to establish that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The first issue is whether Mr. Wright worked as an independent contractor or an employee at the time of his accident. Tennessee Code Annotated section 50-6-102(12)(D)(i) lists the following factors for making this determination:

(a) The right to control the conduct of the work;
(b) The right of termination;

---

[1] No other medical records were admitted into evidence.
[2] Mr. Day's report was admitted into evidence without objection.

2

*(c)*  The method of payment;
*(d)*  The freedom to select and hire helpers;
*(e)*  The furnishing of tools and equipment;
*(f)*  Self-scheduling of working hours; and
*(g)*  The freedom to offer services to other entities.

Mr. Wright testified he was Mr. Cooper's employee, and Mr. Cooper did not offer any contrary testimony. Mr. Wright also offered undisputed testimony that Mr. Cooper paid him by the hour upon completion of each job and he transported him to and from the jobsite. In addition, he told the compliance specialist during his investigation that Mr. Cooper hired him as "lead carpenter," which was corroborated by a co-worker. He also told the specialist that Mr. Cooper retained the right to control the work, scheduled the work hours, hired and fired workers, and provided tools and equipment. The only contrary evidence is Mr. Cooper's statement to the specialist that he did not have any employees, and he did all the work himself. Under these facts, the Court holds Mr. Wright is likely to prove that he was Mr. Cooper's employee rather than an independent contractor.

The Court further finds Mr. Cooper was subject to the Workers' Compensation Law, regardless of the number of employees, because he is engaged in the construction industry. Tennessee Code Annotated § 50-6-902(a). Thus, he must provide Mr. Wright with any benefits for an injury causally-related to the employment.

As to causation, Mr. Wright must first show he is likely to prove that his accident arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A). The parties stipulated that he injured his foot after falling from a roof at work. Thus, the Court holds Mr. Wright is likely to prove a work-related accident.

However, that does not end the causation inquiry. Mr. Wright must also show that he is likely to prove to a "reasonable degree of medical certainty" that his injuries primarily arose out of the accident. Tenn. Code Ann. § 50-6-102(14)(C). Causation must be shown by expert medical testimony, and it must be by more than "speculation or possibility." *Id*. Here, Dr. Simpson confirmed that Mr. Wright suffered a left calcaneal fracture due to his fall. Thus, the Court holds Mr. Wright met his burden of proof on this issue.

As for medical benefits, Mr. Cooper did not offer any medical treatment as required by Tennessee Code Annotated section 50-6-204(a)(1)(A), so Mr. Wright sought it on his own. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Buchanan v. Mission Ins. Co.,* 713 S.W.2d 654, 656 (Tenn. 1986).

The Court holds that Mr. Wright was justified in seeking emergency care for his

injury. In addition, Dr. Simpson attributed the surgery he performed to the fracture. Because the parties stipulated that the expenses incurred for treatment were reasonable and necessary, the Court holds Mr. Wright is entitled to reimbursement for services received from the providers identified in the medical bills submitted into evidence. *See Russell v. Genesco, Inc.*, 651 S.W.2d 206, 211 (Tenn. 1983). Dr. Simpson is also designated as Mr. Wright's authorized physician for future medical care.

Next, the Court considers temporary total disability benefits. To receive those, Mr. Wright must show he is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Mr. Wright cannot meet this burden without medical proof establishing these elements. Here, Dr. Simpson took him off work from August 28 through October 8. However, Mr. Wright did not meet his burden of proving his average weekly wage, which is essential in determining temporary disability benefits. Thus, the Court must deny Mr. Wright's request for temporary total disability benefits at this time.

Finally, although this Court holds Mr. Cooper must provide Mr. Wright with benefits, payment might not occur since Mr. Cooper did not have workers' compensation insurance at the time of the accident. However, under Tennessee Code Annotated section 50-6-802(e)(1), the Bureau has discretion to pay limited benefits to employees who have proven medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;
(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;
(3) The employee was a Tennessee resident on the date of the injury; and
(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than one hundred eighty days after the injury occurred.

Based on the evidence at the hearing and the compliance specialist's Investigation Report, the Court finds that Mr. Wright worked for an uninsured employer, Mr. Cooper, and that he is likely to prevail at a hearing on the merits that he suffered an injury arising primarily from employment on August 28, 2020. He was a Tennessee resident on that date, and he provided notice to the Bureau of his injury and Mr. Cooper's lack of insurance within sixty days. This order serves as a judgment for benefits. Therefore, Mr. Wright satisfied all the requirements of section 50-6-801(d).

IT IS, THEREFORE, ORDERED that:

1. Mr. Cooper shall pay the medical bills Mr. Wright incurred for treatment of his injury and continue to provide reasonable and necessary treatment for the injury under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Jon Simpson is designated the authorized treating physician.

2. Mr. Wright's request for temporary total disability benefits is denied at this time.

3. Mr. Wright is eligible to receive reimbursement of medical expenses from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801, *et seq.* that were incurred with the following providers: Cumberland Medical Center, Covenant Medical Group, Walgreens, MedStream Anesthesia, Radiology Imaging Associates, and Dr. Kristan Ahler. The clerk shall forward a copy of this order to the Administrator for consideration of payment.

4. This case is set for a Scheduling Hearing on **March 11, 2021, at 9:00 a.m. Central Time**. The parties must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Hearing. Failure to call may result in a determination of the issues without your further participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED January 29, 2021.**

_____

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Request for Investigation Report
2. Dr. Simpson's Report
3. Prescription receipts and medical bills
4. Additional prescription receipts and medical bills
5. J&K Improvements Commercial Liability Policy

Technical Record:

1.      Petition for Benefit Determination
2.      Expedited Request for Investigation
3.      Dispute Certification Notice
4.      Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 29th, 2021.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Tracy Wright | X | | X | 123 Stone Avenue, Apt. 2 Crossville, TN 3855 wrightnormantracy@gmail.com |
| Joshua Cooper | X | | X | 150 Grandview Drive, Crossville, TN 38555 Jkimprovements20@gmail.com |
| Uninsured Employers Fund | | | X | Lashawn.pender@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*